UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

DIOSLEDY LEZCANO
and other similarly situated individuals,

    Plaintiff(s),

v.

RESTORE IT ALL, INC.

    Defendant,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff DIOSLEDY LEZCANO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant RESTORE IT ALL, INC., and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DIOSLEDY LEZCANO is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant RESTORE IT ALL, INC. (from now RESTORE IT ALL, or Defendant) is a Florida corporation, having a place of business in Broward County, Florida, where Plaintiff worked for Defendant.

4. All the actions raised in this complaint took place in Broward County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff DIOSLEDY LEZCANO as a collective action to recover from the Defendant overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being adequately compensated.

6. Defendant RESTORE IT ALL provides restoration services, such as asbestos removal, fire and smoke damage remediation, flood and water damage remediation, and other related services. Defendant's business is located at 6230 Johnson Street Hollywood, Florida 33024, where Plaintiff worked.

7. Defendant RESTORE IT ALL employed Plaintiff DIOSLEDY LEZCANO as a non-exempted, full-time employee from approximately March 01, 2019, to September 21, 2021, or 133 weeks.

8. Plaintiff had duties as a restoration employee, and his last wage rate was $16.00 an hour.

9. While employed by Defendant, Plaintiff had a regular schedule. He worked 6 days per week from Monday to Saturday, from 7:00 AM to 5:00 PM (10 hours each day). Plaintiff worked a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

10. Plaintiff was paid weekly $16.00 an hour, or $960.00.

11. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours.

12. Plaintiff did not clock in and out, but he worked under supervision, and Defendant could track the hours worked by and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

14. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times to his Manager Gabriel Rivera.

15. As a result of Plaintiff's complaint, on or about September 21, 2021, Manager Gabriel Rivera fired Plaintiff.

16. Plaintiff DIOSLEDY LEZCANO seeks to recover regular unpaid half-time overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## COUNT I: <br> WAGE AND HOUR FEDERAL STATUTORY VIOLATION; <br> FAILURE TO PAY OVERTIME

17. Plaintiff DIOSLEDY LEZCANO re-adopts every factual allegation stated in paragraphs 1-16 above as if set out in full herein.

18. Defendant RESTORE IT ALL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a remodeling/restoration company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the

annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

19. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a restoration laborer. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

20. Defendant RESTORE IT ALL employed Plaintiff DIOSLEDY LEZCANO as a non-exempted, full-time employee from approximately March 01, 2019, to September 21, 2021, or 133 weeks.

21. Plaintiff had duties as a restoration employee, and his last wage rate was $16.00 an hour.

22. While employed by Defendant, Plaintiff had a regular schedule. He worked 6 days per week from Monday to Saturday, from 7:00 AM to 5:00 PM (10 hours each day, a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

23. Plaintiff was paid weekly $16.00 an hour, or $960.00.

24. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours.

25. Plaintiff did not clock in and out, but he worked under supervision, and Defendant could track the hours worked by and other similarly situated individuals.

26. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

27. Plaintiff was paid weekly with checks but without any paystub or record showing the number of days and hours worked, wage rate, employee taxes withheld, etc.

28. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

29. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

30. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

31. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-One Thousand Two Hundred Eighty Dollars and 00/100 ($21,280.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 133 weeks
       Relevant weeks of employment:  133 weeks
       Total hours worked:  60 hours weekly
       Total unpaid O/T hours: 20 overtime hours weekly
       Regular rate: $16.00 x 1.5=$24.00 O/T rate
       O/T rate $24.00-$16.00 rate paid=$8.00 half-time difference
       Unpaid half-time: $8.00 for every O/T hour

       $8 x 20 O/T hours=$160.00 weekly x 133 weeks=$21,280.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid half-time overtime wages.

32. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to pay them at the rate of time properly and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

33. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

34. Defendant RESTORE IT ALL willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DIOSLEDY LEZCANO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DIOSLEDY LEZCANO and other similarly situated individuals and against the Defendant RESTORE IT ALL, based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff DIOSLEDY LEZCANO actual damages in the amount shown to be

due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### DEMAND FOR A JURY TRIAL

Plaintiff DIOSLEDY LEZCANO demands trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3)

36. Plaintiff DIOSLEDY LEZCANO re-adopts every factual allegation stated in paragraphs 1-16 of this complaint as if set out in full herein.

37. Defendant RESTORE IT ALL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a restoration/remodeling company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

38. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder and security equipment installer. Plaintiff manufactured

security gates. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

39. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

40. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

41. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

42. Defendant RESTORE IT ALL employed Plaintiff DIOSLEDY LEZCANO as a non-exempted, full-time employee from approximately March 01, 2019, to September 21, 2021, or 133 weeks.

43. Plaintiff had duties as a restoration employee, and his last wage rate was $16.00 an hour.

44. While employed by Defendant, Plaintiff had a regular schedule. He worked 6 days per week a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

45. Plaintiff was paid weekly $16.00 an hour, or $960.00.

46. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours.

47. Plaintiff did not clock in and out, but he worked under supervision, and Defendant could track the hours worked by and other similarly situated individuals.

48. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

49. Plaintiff was paid weekly with checks but without any paystub or record showing the number of days and hours worked, wage rate, employee taxes withheld, etc.

50. Plaintiff was disappointed about his wages and the lack of payment for overtime hours, and he complained multiple times.

51. These complaints constituted protected activity under the FLSA.

52. On or about September 21, 2021, Plaintiff complained to his Manager Gabriel Rivera. As a direct result of Plaintiff's complaint, Manager Gabriel Rivera fired Plaintiff.

53. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

54. There is close proximity between Plaintiff's protected activity and his termination.

55. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendant. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

56. The Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

57. Plaintiff DIOSLEDY LEZCANO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

Wherefore, Plaintiff DIOSLEDY LEZCANO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant RESTORE IT ALL that Plaintiff DIOSLEDY LEZCANO recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant RESTORE IT ALL to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff DIOSLEDY LEZCANO further prays for such additional relief as the interests of justice may require.

## DEMAND FOR A JURY TRIAL

Plaintiff DIOSLEDY LEZCANO demands trial by a jury of all issues triable as of right by a jury.

Dated: October 20, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*