UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 21-62172-CIV-RUIZ

DIOSLEDY LEZCANO,

    Plaintiff,

v.

RESTORE IT ALL, INC.,

    Defendant,
_____/

## REVISED SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between DIOSLEDY LEZCANO (hereinafter, "Plaintiff"), on the one hand, and RESTORE IT ALL, INC., (hereinafter, "Defendant"), on the other.

WHEREAS, Plaintiff through the above-referenced case, alleged unpaid overtime wage compensation was due to him pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA")  Plaintiff also alleged retaliation under the FLSA;

WHEREAS, Defendant denies any violations of the FLSA as it regards Plaintiff, and, in fact, asserts that it has at all times complied with all applicable laws, rules and regulations in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of his FLSA claims against the Defendant.

3. **RELEASE OF FLSA CLAIMS / MUTUAL GENERAL RELEASE**.

    a. This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant.

    b. Plaintiff hereby knowingly and voluntarily releases Defendant; its parents, predecessors, successors, sister companies, affiliates; and their past and present directors, officers, managers, shareholders, members, employees, agents, insurers, insurance adjusters, and attorneys, both individually and in their professional capacities (collectively "Releasees"); of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.

    c. **Mutual Full and General Waiver of All Claims.** Plaintiff knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Defendant, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendant that he may now have against Defendant regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Defendant or any of Defendant's employees, agents or representatives. Plaintiff expressly

acknowledges and agrees that this release and waiver includes, but is not limited to, claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended.

Plaintiff hereby irrevocably and unconditionally releases, acquits, remises, and forever discharges Defendant and its agents, affiliates, owners, members, managers, heirs, estates, insurers, assigns, successors, predecessors, and related companies (hereinafter "Releasees") from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated (including, but not limited to, those arising out of, or in any way connected with, the work relationship of the Parties in any position at any time, and including, but not limited to, all claims that were raised or could have been raised in any civil action), for monetary damages, emotional damages, punitive damages, attorneys' fees, costs, wages, bonuses, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, money, remuneration, expert's fees and expenses, or thing of value whatsoever, including, but not limited to, claims arising under or relating to:

   A. 42 U.S.C. § 1981;
   B. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq*.
   C. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;
   D. The Florida Minimum Wage Act ("FMWA")
   E. Florida Statute § 440.205;
   F. The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;
   G. The Labor Management Relations Act of 1947;
   H. The Equal Pay Act of 1963;
   I. The Occupational Safety and Health Act of 1970;
   J. The Rehabilitation Act of 1973;
   K. The Health Maintenance Organization Act of 1973;
   L. The Immigration Reform and Control Act of 1986;
   M. The Family and Medical Leave Act of 1993 ("FMLA");

N. The Families First Coronavirus Response Act ("FFCRA"), P.L. 116-136, as amended;
O. Executive Orders 11141, 11246, and 11375;
P. 42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;
Q. The Americans with Disabilities Act ("ADA"), as amended;
R. The Consolidated Omnibus Reconciliation Act ("COBRA");
S. The Employee Retirement Income Security Act of 1974 ("ERISA");
T. Any claims for damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof;
U. The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;
V. The Internal Revenue Service Code;
W. Chapter 448, Florida Statutes;
X. The Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act of 1990 ("OWBPA");
Y. The National Labor Relations Act;
Z. The Genetic Information Non-Discrimination Act;
AA. Any claim for breach of contract;
BB. Any claim for defamation, libel, or slander;
CC. Any federal, state or local laws prohibiting employment discrimination;
DD. Any claims arising from alleged harassment, negligence or intentionally tortious conduct by Employer occurring before, during or after the relationship between Plaintiff and Employer through the day of this release;
EE. And all other claims under federal, state of local statute or ordinance or common law, including but not limited to those relating to discrimination or retaliation in employment.

The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this Release from Plaintiff to Defendant.

However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Plaintiff may have against Defendants.*

Similarly, Defendant knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Plaintiff, including but not limited to, claims arising out of Plaintiff's alleged employment or relationship with Defendant, that Defendant may now have against Plaintiff regardless of whether the claims are known or unknown, accrued or

unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiff's or any of Plaintiff's agents or representatives. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Defendant may have against Plaintiff.*

4. **CONSIDERATION**.

a. In consideration of the matters set forth herein, Defendant shall pay to Plaintiff and his attorney the total gross sum of U.S. Twelve-Thousand, Five-Hundred Dollars and 00/100 Cents ($12,500.00) (hereinafter the "Settlement Sum"). The Settlement Sum set forth above shall be allocated as follows:

- $6,500.00 made payable to Plaintiff, DIOSLEDY LEZCANO, as and for payment of any alleged unpaid overtime wages, liquidated damages, and any other damages allegedly due to Plaintiff pursuant to the FLSA. From this amount, $3,250.00 shall constitute payment for "wages" and $3,250.00 shall constitute payment for "liquidated damages" and any other damages claimed in this action; and

- $5,200.00 made payable to Zandro E. Palma, PA, as payment of attorneys' fees and $800.00 in costs, for a total of $6,000.00 in attorney's fees and costs incurred in connection with Plaintiff's claims under the FLSA, and for which IRS Form 1099 shall issue to Plaintiff and/or Zandro E. Palma, P.A. This amount was negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery will not be adversely affected by the amount of fees and costs to be paid to his attorney.

b. The full settlement amount $12,500.00, which resolves all of PLAINTIFF'S claims, including payment for attorney's fees and costs, shall be paid in one lump sum payment due on or before February 11th, 2022. All funds shall remain in Plaintiff's counsel's Trust Account until the Court has entered an Order approving the parties' settlement agreement and dismissing the case

with prejudice. The full settlement payment shall be sent via wire transfer to Plaintiff's counsel's Trust Account, by the above specified deadline;

      c.     **Default/Default Remedies.** In the event Defendant shall fail to make payment when due, and upon expiration of a three (3) business-day cure period, there shall be full acceleration of all amounts unpaid, and Plaintiff and his attorney may immediately proceed with taking a Final Judgment against all Defendant, jointly and severally, for the balance then remaining; plus Five-Thousand Dollars ($5,000.00) in liquidated damages; plus any attorney's fees and costs incurred in entering Final Judgment. (*"Default Notice" shall be sent via e-mail to Defendant' counsel, Jed Friedman, Esq., at: friedmanlawfirm@gmail.com ).

Furthermore, Defendant waives any defenses it may have to such a claim excepting the defense of offset for payments made and not credited to the balance then alleged outstanding or timely payment within the cure period. In the event of default, Plaintiff may proceed against Defendant with obtaining a judgment for the default amount plus interest accrued from February 11th, 2022.

      d.     Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph except for his execution of this Agreement, including the Release of FLSA Claims contained herein, and his fulfillment of the promises contained herein.

      e.     Defendant makes no representations as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Releasees and hold Defendant harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorneys under the terms of this Agreement.

5. **AFFIRMATION**.  Plaintiff affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime wage damages related to his employment with the Defendant, and attorney's fees and costs in connection with his claims for overtime wage compensation against Defendant.

6. **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.  This Agreement represents the compromise of disputed and contingent claims.

7. **MUTUAL NON-DISPARAGEMENT**.  Plaintiff agrees not to criticize or make any negative or disparaging remarks about Defendant, its business or business practices, its owners, agents, or their current and former employees.  Similarly, Defendant agrees not to make any disparaging or negative remarks concerning Plaintiff.

8. **NEUTRAL REFERENCES**.  Defendant agrees to only provide neutral references in the event it shall be contacted by a prospective employer of Plaintiff.  Said references shall be limited to providing only dates of employment, position held and pay rate.

9. **NO REHIRE**.  PLAINTIFF agrees not to reapply or otherwise seek employment in the future with DEFENDANT, nor will PLAINTIFF work on the property of DEFENDANT or on any job site where DEFENDANT operate in the future as an employee, contractor or in any other capacity.

10. **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges he is aware he is giving up all FLSA claims he may have against the Releasees.  Plaintiff acknowledges he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  In fact, Plaintiff acknowledges that he has consulted with his

counsel of record, Zandro E. Palma, P.A., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

11. **WAIVER OF JURY TRIAL.** Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA claims asserted in the above-referenced case.

12. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

13. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Southern District of Florida.

14. **LITIGATION OF DISPUTES/ATTORNEY'S FEES**. In the event of a dispute as to the execution, interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement. In any dispute, arbitration or litigation arising out of this Agreement, and/or its execution, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs. These fees and costs shall be recoverable at both

the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiff.

15. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

16. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND

**RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: February 02 / 23 / 2022, 2022                              DIOSLEDY LEZCANO, Plaintiff

_(signed) Diosledy_

Dated: February _____, 2022                              RESTORE IT ALL, INC., Defendant

By: Constantin Dobrea
Title: Hundred percent shareholder

_Constantin Dobrea (Feb 23, 2022 12:45 EST)_

# restore it all revised settlement for signature 02232022

Final Audit Report                                                                                                   2022-02-23

| | |
|---|---|
| Created: | 2022-02-23 |
| By: | jed friedman (friedmanlawfirm@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAZh286RL444-xVobETJtzu46GA5ASVEZf |

## "restore it all revised settlement for signature 02232022" History

- Document created by jed friedman (friedmanlawfirm@gmail.com)
  2022-02-23 - 5:22:22 PM GMT- IP address: 73.205.6.120

- Document emailed to Constantin Dobrea (proice2014@aol.com) for signature
  2022-02-23 - 5:23:33 PM GMT

- Email viewed by Constantin Dobrea (proice2014@aol.com)
  2022-02-23 - 5:33:16 PM GMT- IP address: 104.28.92.211

- Document e-signed by Constantin Dobrea (proice2014@aol.com)
  Signature Date: 2022-02-23 - 5:45:44 PM GMT - Time Source: server- IP address: 172.58.128.82

- Agreement completed.
  2022-02-23 - 5:45:44 PM GMT

Adobe Sign

Doc ID: 34435a99919915af320b10d02b8c926655d3d5a8



# Audit Trail

| | |
|---|---|
| **TITLE** | Revised Settlement Agreement |
| **FILE NAME** | LEZCANO DIOSLEDY ...evised 022322.pdf |
| **DOCUMENT ID** | 34435a99919915af320b10d02b8c926655d3d5a8 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**  
02 / 23 / 2022  
13:20:55 UTC-5  
Sent for signature to Diosledy Lezcano (diosledy@outlook.com) from jfp@thepalmalawgroup.com  
IP: 75.74.89.99

**VIEWED**  
02 / 23 / 2022  
13:33:49 UTC-5  
Viewed by Diosledy Lezcano (diosledy@outlook.com)  
IP: 172.58.129.221

**SIGNED**  
02 / 23 / 2022  
13:35:37 UTC-5  
Signed by Diosledy Lezcano (diosledy@outlook.com)  
IP: 172.58.128.105

**COMPLETED**  
02 / 23 / 2022  
13:35:37 UTC-5  
The document has been completed.

Powered by HELLOSIGN